IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITA LANDEROS, | No. CIV S-11-0079-CMK |
| Petitioner, | |
| vs. | ORDER |
| ERIC HOLDER, et al., | |
| Respondents. | |
| _____/ | |

  Petitioner, who is proceeding with retained counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge an order of exclusion.

  Under the REAL ID Act, the sole and exclusive remedy to challenge a final order of deportation or removal is a petition for review filed in the Court of Appeals. See Martinez-Rosas v. Gonzales, 424 F.3d 926, 928-29 (9th Cir. 2005). The district court properly dismisses for lack of jurisdiction a habeas petition filed after the effective date of the REAL ID Act and attempting to challenge a final order of deportation or removal. See Puri v. Gonzales, 464 F.3d 1038, 1041 (9th Cir. 2006). Citing Alcala v. Holder, 563 F.3d 1009 (9th Cir. 2009), petitioner states in the instant petition that, despite the foregoing, exclusive jurisdiction does not lie in the Court of Appeals because she is not challenging a final order of deportation or removal, but is

1  challenging an order of exclusion.  Petitioner contends that the instant challenge to an order of
2  exclusion may properly proceed under 28 U.S.C. § 2241.
3         The court does not agree.  While petitioner is certainly correct that the Court of
4  Appeals' exclusive jurisdiction cannot be invoked where there is no final order of deportation or
5  removal, the appellate court's exclusive jurisdiction also applies to orders of exclusion.  See
6  Hose v. INS, 180 F.3d 992, 994 & n.1 (9th Cir. 1999) (en banc).  Petitioner seems to distinguish,
7  for purposes of jurisdiction, an order or deportation/removal from an order of exclusion.  Under
8  IIRIRA, however, any distinctions among the terms "removal," "deportation," and "exclusion"
9  were eliminated in favor of a unified proceeding with a single track of judicial review in the
10 Court of Appeal.  See id.
11        Petitioner shall show cause in writing why this action should not be dismissed for
12 lack of jurisdiction without prejudice to initiating a petition for review in the Ninth Circuit Court
13 of Appeals.  Petitioner is cautioned that failure to comply with this order may result in dismissal
14 of the action for lack of prosecution.  See Local Rule 110.
15        IT IS SO ORDERED.

DATED: January 13, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE